IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01430-BNB

PAUL WRIGHT,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Mr. Wright is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Florence, Colorado.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1].  Mr. Wright has paid the $5.00 filing fee.

    The Court must construe the Application liberally because Mr. Wright is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Wright will be ordered to file an amended Application.

    The Application is deficient because it contains a claim that is not cognizable under the federal habeas corpus statutes.  In his second claim for relief, Mr. Wright asserts that he has wrongfully been placed in the Special Management Unit (SMU) for approximately two years pursuant to a prison disciplinary conviction.  This claim challenges the conditions of Mr. Wright's confinement but does not attack the fact or

duration of his sentence. As such, it is not cognizable under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499, (1973) ("[A] § 1983 action is a proper remedy for a ... state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Claims that challenge a federal prisoner's conditions of confinement must be asserted in a Prisoner Complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See id.*; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* . . .–not through federal habeas proceedings," citing *McIntosh*). Accordingly, it is

ORDERED that Mr. Wright file, **within thirty days from the date of this Order**, an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that does not include a claim challenging his placement and detention in the SMU, or otherwise challenge the conditions of his confinement. Applicant may assert a claim that his SMU confinement is unconstitutional in a separate action pursuant to *Bivens* on the court-approved Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Wright shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Wright fails to comply with this Order within the

time allowed, the action will be dismissed without further notice.

DATED June 12, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge