IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Case No. 13-cv-01430-RBJ

PAUL WRIGHT,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

---

ORDER ON AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter comes before the Court on the *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Application") (Doc. #9) filed June 26, 2013, by Applicant Paul Wright. On August 28, 2013, Respondent was ordered to show cause why the Amended Application should not be granted. Respondent has filed Respondent's Answer to Order to Show Cause ("Answer") (Doc. #22). Applicant has filed both a reply (Doc. #23) to the Answer and a supplemental reply (Doc. #24). After reviewing the pertinent portions of the record in this case, the Court concludes that the Amended Application should be denied.

## I.  BACKGROUND

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and he currently is incarcerated at a federal prison in Florence, Colorado. Applicant is challenging the validity of a prison disciplinary conviction in BOP case number 2158179 that resulted in a loss of good time credits and other sanctions.

The altercation that precipitated the disciplinary charges in question occurred on May 2, 2011, while Applicant was incarcerated at a federal prison in Indiana. Applicant initially was charged with various disciplinary offenses in two separate Incident Reports. In the first Incident Report, which was assigned BOP case number 2158179, Applicant was charged with the disciplinary offenses of assault on staff and refusing an order. (*See* Doc. #22-2 at 67.) In the second Incident Report, which was assigned BOP case number 2160233, Applicant was charged with the disciplinary offense of possession, manufacture, or introduction of a hazardous tool. (*See id.* at 77.) Following the investigations of these two Incident Reports and various administrative proceedings, the BOP Discipline Hearing Officer (DHO) requested that all of the disciplinary charges stemming from the May 2, 2011 altercation be combined in one case. (*See* Doc. #22-1 at 6, ¶18.) As a result, the Incident Report in BOP case number 2160233 was closed administratively and the Incident Report in BOP case number 2158179 was rewritten on August 3, 2011. The rewritten Incident Report in BOP case number 2158179 includes the following factual basis for the disciplinary charges against Applicant:

> In Unit F-2 on May 2, 2011, at approximately 9:10 am, inmate Wright, Paul, Reg. No. 04969-045, entered the officer's station. Officer Meehan ordered inmate Wright several times to exit the office. Inmate Wright stated, "Fuck you, motherfucker, I ain't leaving the office!" The Officer Meehan then stood up to take a defensive posture, in response to the inmate's aggressive behavior, after refusing to leave and becoming insolent to staff. At this time inmate Wright turned his body and attempted to retrieve a belt that was in his right rear pocket. When the inmate reached for the belt, Officer Meehan moved toward him to gain control. Inmate Wright struggled with Officer Meehan in an aggressive manner and refused all orders to cease his actions. During the struggle to gain compliance of inmate Wright, inmate Wright struck Officer Meehan several time[s] with closed fi[s]ts about the

2

> head and upper torso.  Inmate Wright also was able to place his arms around Officer Meehan's throat and began to choke him.  At this time additional staff members arrived and provided assistance to remove inmate Wright from Officer Meehan.  Officer Meehan was then transported to the local hospital for treatment of injuries.
>
> After the incident inmate Wright was searched and Officers D. Moore and V. Rubinacci discovered an inmate lock tied to a belt in inmate Wright's right rear pocket.  This is the belt Officer Meehan noticed the inmate reaching for before the assault occurred.  When questioned by Lieutenant Campbell the inmate stated "I guess the officer knew I was coming in to fight him and he attacked me first."
>
> This is a rewrite of the original incident report written on May 2, 2011, to combine multiple incident reports into one so that all relevant facts are described in order to allow the inmate sufficient notice of charges.

(Doc. #22-3 at 12.)

Applicant was charged in the rewritten Incident Report in BOP case number 2158179 with (1) assaulting any person with serious physical injury; (2) conduct which disrupts or interferes with the security or orderly running of the institution; (3) refusing to obey an order of any staff member; and (4) insolence toward a staff member.  (*See id.*) Applicant was served with copies of the rewritten Incident Report on August 3, 2011, and again on August 23, 2011.  (*See id.*)  Applicant was found guilty of the charges at a hearing before the DHO on September 21, 2011.  The DHO issued a written report on October 4, 2011 (*see* Doc. #22-3 at 23-30), and an amended report on October 5, 2011 (*see id.* at 32-39).

## II.  STANDARDS OF REVIEW

The Court must construe the Amended Application and other papers filed by Applicant liberally because he is not represented by an attorney.  *See Haines v. Kerner*,

404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

With respect to prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (internal citation and quotation marks omitted). Finally, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (internal quotation marks omitted).

### III.  DISCUSSION

Applicant does not include within the Amended Application or any other document a clear and concise statement of each claim he is asserting in this action. According to Respondent, Applicant makes nine arguments for relief in the Amended Application. Applicant does not challenge Respondent's interpretation of the arguments raised in the Amended Application or identify any additional arguments. Construing the Amended Application liberally, the Court finds that the nine arguments identified by Respondent are a fair interpretation of the Amended Application. Therefore, the Court will address the nine arguments identified by Respondent. Those arguments are the following:

1. Applicant was denied due process because the information in the Incident Report was false.

2. Applicant was denied due process because he was not served with a copy of the Incident Report in a timely manner.

3. Applicant was denied due process because the original Incident Reports were rewritten and combined into one Incident Report.

4. Applicant was denied due process because the rewritten Incident Report changed the disciplinary code numbers allegedly violated.

    5.      Applicant was denied due process because the DHO was biased.

    6.      Applicant was denied due process because the DHO retaliated against him.

    7.      Applicant was denied due process because the staff member who rewrote the Incident Report also delivered a copy of that Incident Report to Applicant.

    8.      Applicant was denied due process because the BOP computer database used to track incident reports did not list all of the disciplinary code numbers specified in the rewritten Incident Report.

    9.      Applicant was denied equal protection because the original Incident Report contained false information, he was not served with a copy of the original Incident Report at the time specified, and the rewritten Incident Report was different than the original Incident Report.

## A. Argument 1

Applicant first argues that he was denied due process because the information in the rewritten Incident Report was false. The Court construes this argument as a due process claim challenging the sufficiency of the evidence to support the disciplinary conviction.

As noted above, due process requires that there be some evidence to support the decision of the hearing officer. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Thus, a prison disciplinary conviction can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (quoting *Hill*, 472 U.S. at 457). Furthermore, an incident report alone may constitute "some evidence" sufficient to support the disciplinary hearing officer's

6

decision.  *See Ruelas v. Zuercher*, 240 F. Appx. 796, 797 (10th Cir. 2007); *Longstreth v. Franklin*, 240 F. App'x 264, 267 (10th Cir. 2007).

According to the amended report of the DHO, the evidence on which she relied included a written statement from Officer Meehan, the victim; Officer Meehan's injury assessment; written statements from nine other BOP officials who responded to the altercation; and a photograph of a lock attached to a belt that was found in Applicant's pocket.  (S*ee* Doc. #22-3 at 33-38.)   The DHO "based her decision upon Officer Meehan's account provided via memorandum which states he observed the inmate reaching for a lock attached to a belt which he had in his pocket, the inmate placed his arms around his throat, and the inmate punched him in the eye."  (*Id.* at 37.)   Although Applicant argued before the DHO, as he does in the Amended Application, that he was assaulted by Officer Meehan and only acted in self-defense, the DHO "placed the greater weight on [Officer Meehan's] account because there are other staff members which have verified portions of his report" and "this information corroborates Officer Meehan's depiction of the incident."   (*Id.*)

The DHO's amended report demonstrates clearly that there was some evidence to support her determination that Applicant was guilty of the disciplinary offenses charged.  Therefore, Applicant is not entitled to relief with respect to his first argument.

**B.  Argument 2**

Applicant next argues that he was denied due process because he was not served with a copy of the Incident Report in a timely manner.   Although not entirely clear, Applicant's timeliness argument apparently is premised on a BOP regulation that

provides "[y]ou will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident."  28 C.F.R. § 541.5(a).

Applicant's second argument does not demonstrate he was denied due process because "*Wolff* requires that the accused in a prison-disciplinary action be given written notice of the charges no less than 24 hours before a hearing on those charges.  It sets no time limit for providing notice of charges after an incident."  *Dedrick v. Daniels*, 386 F. App'x 810, 811 (10th Cir. 2010).  Furthermore, even if the notice provision in 28 C.F.R. § 541.5(a) was violated, "a failure to adhere to administrative regulations does not equate to a constitutional violation."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); *see also Dedrick*, 386 F. App'x at 811.

The record before the Court demonstrates that Applicant received copies of the rewritten Incident Report on August 3, 2011, and again on August 23, 2011 (*see* Doc. #22-3 at 12; Doc. #22-3 at 32), and that the DHO hearing was not held until September 21, 2011 (*see id.* at 32).  As a result, the advance notice requirement under *Wolff* was satisfied and Applicant cannot demonstrate a violation of his right to due process with respect to his second argument.

**C.  Argument 3**

Applicant contends in his third argument that he was denied due process because the original Incident Reports were rewritten and combined into one Incident Report.  This due process claim lacks merit because, as long as Applicant received advance written notice of the charges, which he did, nothing in *Wolff* prohibits the rewriting of those charges.  *See Wolff*, 418 U.S. at 563-67.  Therefore, Applicant also is not entitled to

relief with respect to his third argument.

**D.   Argument 4**

Applicant's fourth argument is that he was denied due process because the rewritten Incident Report changed the disciplinary code numbers allegedly violated. This argument also lacks merit because Applicant received advance written notice of the disciplinary charges against him as required under *Wolff*.   The fact that the disciplinary code numbers listed in the rewritten Incident Report differed from the disciplinary code numbers specified in the original Incident Report is irrelevant to the question of whether the rewritten Incident Report provided adequate notice of the charges.   Applicant does not allege or demonstrate that he was unable to prepare a defense to the disciplinary charges specified in the rewritten Incident Report.   Therefore, the Court finds that Applicant is not entitled to any relief with respect to his fourth argument.

**E.   Argument 5**

Applicant next argues that he was denied due process because the DHO who presided over his disciplinary hearing was biased.   According to Applicant, the fact that the DHO was the same individual who ordered that the original incident reports be rewritten demonstrates the DHO was biased against him.   As noted above, the rewritten Incident Report indicates it was rewritten "to combine multiple incident reports into one so that all relevant facts are described in order to allow the inmate sufficient notice of charges."   (*See* Doc. #22-3 at 12.)

As noted above, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context."   *Gwinn*, 354 F.3d at 1220 (internal quotation marks omitted).   However, "[d]ue process is violated only when the risk of

unfairness is intolerably high under the circumstances of a particular case." *Mangels v. Pena*, 789 F.2d 836, 838 (10th Cir. 1986) (internal quotation marks omitted). Furthermore, "[b]ecause honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Id.* (citation omitted).

Applicant's conclusory allegation that the DHO was biased against him is not sufficient to demonstrate a denial of due process. The stated purpose for rewriting the Incident Report, which was to consolidate multiple reports and provide sufficient notice of all of the offenses charged, does not demonstrate the existence of any bias by the DHO. Furthermore, to the extent Applicant may be alleging bias based on the DHO's knowledge of the charges prior to the disciplinary hearing, the Court notes that mere knowledge of the charges does not evidence unconstitutional bias. *See id.* Therefore, the Court finds that Applicant also is not entitled to relief with respect to his fifth argument.

**F.   Argument 6**

Applicant contends in his sixth argument that he was denied due process because the DHO retaliated against him. Applicant alleges in support of this argument that he had written to the BOP regional and central offices about violations of BOP policies committed by the DHO in prior disciplinary actions.

"When a prisoner asserts a valid challenge to the factfinders' neutrality, . . . judicial review of disciplinary decisions must include an inquiry into whether discipline was imposed for an improper purpose." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). However, "[m]ere allegations of constitutional retaliation will not suffice;

[Applicant] must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

Applicant fails to allege specific facts in support of his retaliation argument. In the absence of any specific factual allegations, his vague and conclusory assertion that the DHO retaliated against him because he had written to the BOP regional and central offices about her violations of BOP policies in prior disciplinary actions is not sufficient to demonstrate unconstitutional retaliation. Therefore, the Court finds that Applicant also is not entitled to any relief with respect to his sixth argument.

## G.  Argument 7

Applicant next argues that he was denied due process because the staff member who rewrote the Incident Report also delivered a copy of that Incident Report to Applicant.. Applicant specifically contends that having the same officer write and deliver the Incident Report violates BOP policy. This argument lacks merit because, even if a BOP policy or regulation was violated, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater*, 1 F.3d at 1068 n.4; *see also Dedrick*, 386 F. App'x at 811. Because Applicant's seventh argument does not implicate any of the procedures required under *Wolff*, he is not entitled to any relief with respect to this argument.

## H.  Argument 8

Applicant's eighth argument in the Amended Application is that he was denied due process because the BOP computer database used to track incident reports did not list all of the disciplinary code numbers specified in the rewritten Incident Report. This

argument also does not entitle Applicant to any relief because it does not implicate any of the procedures constitutionally required under *Wolff*. To the extent Applicant may be contending he was denied adequate notice of the disciplinary charges, the argument lacks merit because he received advance written notice of the charges as required under *Wolff* in the rewritten Incident Report.

## I. Argument 9

Applicant finally argues that he was denied equal protection because the original Incident Report contained false information, he was not served with a copy of the original Incident Report at the time specified in the report, and the rewritten Incident Report was different than the original Incident Report. The equal protection argument lacks merit because Applicant fails to demonstrate or even allege that he was treated differently than any similarly situated inmates. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

## IV. CONCLUSION

For all of these reasons, the Court finds that Applicant is not entitled to any relief in this action and the Amended Application will be denied. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #9) filed June 26, 2013, by Applicant Paul Wright is DENIED. It is FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED this 6th day of November, 2013.

BY THE COURT:

R. Brooke Jackson  
United States District Judge
